IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEMOND WHITEHEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-228-RP |
| | § | |
| OFFICE OF THE ATTORNEY GENERAL | § | |
| OF TEXAS, CHILD SUPPORT DIVISION, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are motions to dismiss filed by Defendants Office of the Attorney General
of Texas, Child Support Division ("the CSD") and Williamson County, Texas ("Williamson
County") (together, "Defendants"). (Dkts. 14, 15). Each defendant seeks to dismiss the claims
asserted against it in Plaintiff Demond Whitehead's ("Whitehead") Second Amended Complaint.
(Dkt. 11). Having considered the parties' arguments, the evidence, and the relevant law, the Court
will grant both motions.

## I. BACKGROUND

Whitehead, proceeding *pro se*, filed this action against Defendants following an adverse child
support judgment. (2d Am. Compl., Dkt. 11, at 4). Whitehead alleges that Defendants fraudulently
induced him to "succeed to the status of non-custodial parent" and thereby caused him to be subject
to enforcement of legal child support enforcement remedies. (*Id.* at 4–5). Whitehead asserts a cause
of action against each defendant under 42 U.S.C. § 1983 for violations of his rights under the
Fourteenth Amendment to the United States Constitution. (*Id.* at 1–3). Whitehead seeks both
injunctive relief (setting aside the state-court child support judgment against him) and damages from
CSD, and seeks only damages from Williamson County. (*Id.* at 9). Defendants each move to dismiss

Whitehead's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (CSD Mot. Dismiss, Dkt. 14, at 2; Williamson County Mot. Dismiss, Dkt. 15, at 2).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may "weigh the evidence and satisfy itself" that subject matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The court may dismiss a complaint for lack of jurisdiction based on: (1) the face of the complaint; (2) the complaint supplemented by undisputed facts from the record; and (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

The party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Dismissal of a plaintiff's case under 12(b)(1) is not a determination on the merits and does not prevent a plaintiff from pursuing a claim in a court that has proper jurisdiction. *Id.* The court should grant a 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle her to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161.

*B. Federal Rule of Civil Procedure 12(b)(6)*

A court may dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

*A. Whitehead's Claims Against Defendant CSD*

Whitehead's claims against CSD are properly dismissed under Rule 12(b)(1) based on the face of his second amended complaint. The Eleventh Amendment bars Whitehead's claims against CSD because the CSD is a state agency and the State of Texas has not consented to be sued under Section 1983. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. . . . This jurisdictional bar applies regardless of the nature of the relief sought."); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) ("Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity."). Whitehead's claims against the CSD must be dismissed for lack of jurisdiction.

### B. *Whitehead's Claims Against Defendant Williamson County*

Whitehead's claims against Williamson County are properly dismissed under Rule 12(b)(6) because he fails to state a claim for relief under Section 1983. Local governments may be sued under Section 1983, but only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  An official policy can be: (a) "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority"; or (b) "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Brown v. Bryan Cty., OK*, 219 F.3d 450, 457 (5th Cir. 2000) (cleaned up). Alternatively, "a final decisionmaker's adoption of a course of action tailored to a particular situation and not intended to control decisions in later situations may, in some circumstances, give rise to municipal liability under § 1983." *Id.* (cleaned up). Whitehead's second amended complaint lacks any factual allegations of a policy, custom, or decisionmaker's action that caused the injury he complains of. His pleading contains only conclusory allegations that are insufficient to state a plausible claim for relief.

Because the Court holds that Whitehead, in his second amended complaint, has failed to state a claim for every cause of action in his complaint, this action is dismissed. Furthermore, the Court dismisses the case with prejudice and without leave to amend. Although Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and "evinces a bias in favor of granting leave to amend, it is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (internal quotation marks and citation omitted). Among other things, "a party must 'expressly request' leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014)

(quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Even though "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Whitehead has neither requested leave to amend his complaint nor indicated in what he might add to a third amended complaint. (*See* Am. Resp. Mot. Dismiss, Dkt. 17). The Court declines to *sua sponte* permit Plaintiff to amend his complaint a third time.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant' motions to dismiss, (Dkts. 14, 15), are both **GRANTED**. Whitehead's claims against both Defendants are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to **CLOSE** this case.

**SIGNED** on October 10, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE